IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA ALARCON,<br><br>            Plaintiff,<br><br>    v.<br><br>AEROVIAS DE MEXICO, S.A. DE C.V., a foreign corporation d/b/a AEROMEXICO, and AEROLTORAL S.A. DE C.V., a foreign corporation, d/b/a AEROMEXICO CONNECT,<br><br>            Defendants. | Case No. 18 C 8032<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

#### I. BACKGROUND

This negligence claim is brought under the Montreal Convention by Plaintiff Sandra Alarcon ("Plaintiff"). The Montreal Convention is an international treaty that imposes liability on an air carrier for a passenger's injury or death caused by an accident during an international flight. Montreal Convention, Art. 17(1). Plaintiff filed her Complaint in the Circuit Court of Cook County Law Division alleging two counts of Negligence against Defendants Aeromexico and its subsidiary Aeromexico Connect (collectively, "Defendants"). The matter was removed to the Northern District of Illinois. The Court maintains diversity jurisdiction under 28 U.S.C. § 1332. Before

the Court is Defendants' Motion for Summary Judgment. (Dkt. No. 31.)

The Complaint alleges the following facts: on July 31, 2018, Defendant Aeromexico was scheduled to operate Flight 2431 from Durango, Mexico to Mexico City, Mexico using an aircraft owned and operated by Aeromexico and/or Aeromexico Connect. (Dkt. No. 1-1 ("Compl.")¶ 7.) Plaintiff Martinez was a passenger on Flight 2431 and resident of Illinois with her final destination being Chicago, Illinois. (*Id.* ¶ 12.) Flight 2431 crashed shortly after take-off in dangerous and inclement weather conditions. (*Id.* ¶ 8.) Defendants owed passengers onboard Flight 2431 a duty of care as a common carrier and breached this duty in its attempt to take off in Durango, Mexico despite the unsafe weather conditions and poor visibility. (*Id.* ¶¶ 18-19.) As a result of the negligence and resulting crash, Plaintiff suffered personal and pecuniary injuries while onboard the plane. (*Id.* ¶ 20.) Plaintiff alleges that due to the July 31, 2018 crash, she sustained a lower back fracture, as well as psychological injuries like anxiety and post-traumatic stress disorder ("PTSD"). (Pl. Statement of Material Facts ("SMF") (Dkt. No. 34) ¶¶ 5-6.)

This matter represents one of fourteen (14) separate matters brought against Defendants by individual plaintiff

passengers for negligence arising from the same July 31, 2018, Aeromexico Flight 2431 crash. The matters have been consolidated before this Court and in eleven of these matters, Defendants moved for Summary Judgment. Defendants have since settled with four (4) of these plaintiffs. For the reasons stated herein, the Court denies Defendants' Motion.

## II. LEGAL STANDARD

Summary Judgment is appropriate if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The relevant substantive law governs whether a fact is material. *Id.* When reviewing the record on a summary judgment motion, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). If, however, the factual record cannot support a rational trier of fact to find for the nonmoving party, summary judgment is appropriate. *Id.* at 380.

## III. DISCUSSION

It is not in dispute that this matter is governed by Article 17 of the Montreal Convention. The convention provides that "[t]he air carrier is liable for damage sustained in case

of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft." Montreal Convention, Art. 17(1). Accordingly, the elements of a Plaintiff's claim for bodily injury under the Montreal Convention are "(1) an accident, (2) that took place on board the aircraft, (3) which caused (4) an injury." *Narkiewicz-Laine v. Aer Lingus Ltd.,* 2015 WL 5009766, at *3 (N.D. Ill. Aug. 21, 2015).

Defendants dispute that Plaintiff will be able to satisfy her burden to prove the third element, causation, at trial for physical injuries or emotional distress. Defendants' logic is as follows: expert testimony is required to demonstrate causation between the accident and the injuries, and Plaintiff failed to disclose any experts who can testify about causation as is required pursuant to Federal Rule of Civil Procedure Rule 26. The one expert that Plaintiff did disclose – an accident reconstructionist – is not Plaintiff's treating physician and does not opine on injury causation. Without expert testimony, Plaintiff would therefore be unable to prove a required element of her claim and thus Summary Judgment should be granted in Defendants' favor. Defendants argue at a minimum the Court should award partial Summary Judgment.

The Court finds that Plaintiff maintains a triable issue of fact and denies Summary Judgment.

It is true that proof of causation of complex medical diagnoses requires expert, as opposed to lay witness, testimony. *See* F. R. EVID. 702 (lay witness may not offer testimony "based on scientific, technical, or other specialized knowledge.") It is also without question that Plaintiff is required formally to disclose experts it intends to present at trial regarding causation of complex medical injuries pursuant to Federal Rule of Civil Procedure 26(a)(2). FED. R. CIV. P. 26. Plaintiff disclosed no such experts.

But not all medical injuries require expert testimony on causation. If the connection between an accident and an injury "is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile," expert testimony is not necessary. *Schmaltz v. Norfolk & Western Ry.*, 896 F.Supp. 180, 182 (N.D. Ill. 1995) (internal quotation marks and citation omitted). Causation can be proven without expert testimony, "if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them." *Cyrus v. Town of Mukwonago,* 624 F.3d 856, 864 (7th Cir. 2010) (quoting *Salem v.*

*U.S. Lines Co.,* 370 U.S. 31, 35 (1962)). For those injuries that do not involve a "complicated question of medical causation," Plaintiff may testify at trial as a lay witness about her own "perceptions of her physical and mental health during the relevant time period." *Hendrickson v. Cooper,* 589 F.3d 887, 892 (7th Cir. 2009).

*Narkiewicz-Laine v. Aer Lingus Ltd.* is instructive. 2015 WL 5009766 (N.D. Ill. Aug. 21, 2015). The court in *Narkiewicz* denied in part defendant's motion for summary judgment in a Montreal Convention claim. *Id.* at *5. Despite plaintiff's failure to present experts that could testify that an accident on board a flight was the cause of plaintiff's resulting seizure episodes, plaintiff was nevertheless able to testify as to his resulting vertigo, dizziness, memory loss, and headaches for which expert testimony was not required. *Id.* at *4–5. Here, Plaintiff testified during her deposition that she suffered from back pain after the plane crash. It would not be beyond the jury's experience or observations to infer that a plane crash caused these injuries.

In addition to the Plaintiff's testimony, the jury may also infer causation from fact witness lay testimony. Treating physicians may testify as fact witnesses about their personal observations, the diagnoses they made, Plaintiff's history, and

- 6 -

the treatments they provided. *See Levingston v. Myles,* 2022 WL 952279, at *4 (N.D. Ill. Mar. 30, 2022) (Leinenweber, J.) ("Because Levingston did not formally disclose any treating physicians as experts, they are treated as fact witnesses. In other words, they may testify to what they observed and the diagnoses they made, but they may not testify about what could have caused the injuries."); *see also Caldwell v. City of Chicago,* 2010 WL 380696, at *4 (N.D. Ill. Jan. 28, 2010).

Here, Plaintiff offered Licensed Clinical Professional Counsel Almudena Ruiz ("Ruiz") for deposition. Ruiz treated Plaintiff and during her deposition testified about Plaintiff's depression, anxiety, and PTSD. (Pl. SMF ¶ 6.) Because Ruiz was not disclosed as an expert, she may not testify that the subject plane crash was one cause of Plaintiff's diagnoses. *See Levingston*, 2022 WL 952279, at *4. But Ruiz may still testify as a fact witness even though she is not qualified as an expert witness, and the jury may infer causation from this testimony.

Defendants contend the Plaintiff will be unable to prove causation for the mental injuries because recovery under the Montreal Convention requires that the Plaintiff to prove the mental anguish was a result of the physical injuries, as opposed to merely a result of the accident itself. The Seventh Circuit has not had occasion to decide this issue of the "causation rule"

under the Montreal Convention. This Court elects to follow the Sixth Circuit and lower courts, including one in this circuit, that have held that a plaintiff's emotional distress claim brought under the Montreal Convention need not demonstrate the emotional distress was caused by physical injuries. *See Doe v. Etihad Airways,* 870 F.3d 406 (6th Cir. 2017); *Oshana v. Aer Lingus Ltd.,* 2022 WL 138140, at *9-10 (N.D. Ill. Jan. 12, 2022) (Pallmeyer, J.) The cases on which Defendants rely mirror those on which the defendant relied in *Oshana* and which Judge Pallmeyer distinguished either because they did not involve allegations of *any* physical injury, or because the claim was brought under the Warsaw Convention, not the Montreal Convention. *Id*. Judge Pallmeyer observed the relevant language differed between the two conventions which provided sound reason to avoid an analogous reading. *Id.* at * 7. Accordingly, the jury here need not infer that Plaintiff's emotional distress was caused by her physical injuries – it is enough to infer they were caused by the crash itself.

### III. CONCLUSION

In sum, Plaintiff's treating physicians may testify as fact witnesses regarding their diagnoses, the patient's history, observations, and treatment of Plaintiff. Plaintiff may testify about her own experiences – mental and physical – relating to

- 8 -

...

the plane crash. Because there is a genuine issue of material fact regarding causation, Defendants' Motion for Summary Judgment or Partial Summary Judgment is denied.

**IT IS SO ORDERED.**

                                                    Harry D. Leinenweber, Judge
                                                    United States District Court

Dated: 9/6/2023